UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
TACOMA DIVISION

| | |
|---|---|
| DAWN M. SATTERLEE, | Civil No. 3:10-cv-05911-KLS |
| Plaintiff, | |
| vs. | ORDER FOR REMAND |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | |
| Defendant. | |

Based on the stipulation of the parties, it is hereby ORDERED that the above captioned case be reversed and remanded for further administrative proceedings including a *de novo* hearing.

On remand, the Administrative Law Judge (ALJ) will be directed to further evaluate and properly address the third party statements provided by other source, Robyn Green, Plaintiff's social worker, Tr. 122, and by Kevin Harris, Tiffany Bugg, and Richard Barns, Plaintiff's friends. Tr. 227-229, 232-33. The ALJ will be directed to further evaluate Plaintiff's residual functional capacity, and in so doing, to express Plaintiff's nonexertional capacity in terms of work-related functions required by competitive, remunerative work including abilities to:

Page 1     ORDER - [3:10-cv-05911-KLS]

understand, carry out and remember instructions; use judgment in making work-related decisions; respond appropriately to supervision, co-workers, and work situations; and deal with changes in a routine work setting.  Social Security Ruling 96-8p.

In this case, because Plaintiff may require a less stressful work situation, the ALJ will be directed to expressly consider what circumstances are stressful for Plaintiff.  Social Security Ruling 85-15.  Stress in a work environment may include attendance, completion of certain tasks, and interactions with supervisors, peers, or the general public.  If the ALJ intends to reject the State agency's opinion that Plaintiff can only perform low stress, nonpublic work that is simple or some complex, Tr. 352, 367-370, 382, the ALJ will be directed to provide adequate rationale for rejection of the opinion.

The ALJ will be directed to further develop and adequately evaluate the evidence relevant to step 4 of the sequential evaluation process.  The record does not show that Plaintiff had the earnings to support the conclusion that her work as a hand packager qualifies as past relevant work under the regulations.  Plaintiff worked part-time as a hand packager in 1994, 20 hrs./week, at $4.5 hrs./hr., which is below the level of significant gainful activity. 20 CFR 416.965.  Work done in the past fifteen years is relevant "work experience" if it lasted long enough to be learned and if it was substantial gainful activity.  The record does not reflect that these requirements have been met with respect to Plaintiff's job as a hand packager thus further development is required at step four.  If on remand the ALJ's development of these issues leads to a determination that Plaintiff did not have past relevant work, the ALJ will be directed to continue to step five.  If the ALJ proceeds to step five, he will be directed to obtain supplemental vocational expert testimony to assess the impact of Plaintiff's nonexertional limitations on her occupational base.

The parties agree that reasonable attorney fees should be awarded, upon proper application, pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412.

DATED this 25th day of May, 2011.

                                            Karen L. Strombom
                                            United States Magistrate Judge

Presented By:

s/ Terrye E. Shea
TERRYE E. SHEA, WSB #27609
Special Assistant United States Attorney
Office of the General Counsel
Social Security Administration
701 Fifth Avenue, Suite 2900 MS/221A
Seattle, Washington 98104-7075
Telephone:  (206) 615-2143
Fax:  (206) 615-2531
terrye.shea@ssa.gov